**Shellie SERRA**

v.

**SKI–PRO INC. d.b.a. Yawgoo Valley Ski Area.**

**No. 94–60–M.P.**

Supreme Court of Rhode Island.

Oct. 20, 1994.

Richard Gallone.

Lee Fortier.

### ORDER

This case came before a panel of the Supreme Court for oral argument on October 18, 1994, pursuant to an order that granted the defendant Yawgoo Valley Ski Area's petition for certiorari. The order further directed the plaintiff, Shellie Serra, to show cause why a Superior Court order granting her motion for prejudgment attachment of the defendant's real property should not be summarily quashed in light of this court's opinion in *Martin v. Lincoln Bar. Inc., et al.,* 622 A.2d 464 (R.I.1993).

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we are of the opinion that cause has not been shown.

The plaintiff filed suit against defendant under G.L.1956 (1987 Reenactment) chapter 14 of title 3, Rhode Island Liquor Liability Act, claiming that defendant had served her intoxicating beverages without confirming her age, which was twenty years and eight months, and thus was four months less than the legal age for such consumption. The plaintiff, after she was served liquor for two hours by defendant, began to ski and then sustained injuries. The plaintiff moved for a prejudgment attachment. Following a hearing before the special master, the motion was granted and an attachment was allowed in the amount of $75,000.

We are of the opinion that our holding in *Martin* is dispositive of the issue before us. In *Martin* we concluded that prejudgment attachment is not available as a remedy in tort actions against in-state defendants. We note that reliance on *Hatch v. O'Brien,* 772 F.Supp. 1326 (D.R.I.1991), is misplaced in light of our holding in *Martin.*

Consequently, we grant the petition for certiorari, quash the order issued by the Superior Court, and remand the case to the Superior Court with our decision endorsed thereon.

MURRAY, J., did not participate.